■ MILTON BRESLAW, Appellant, v EVELYN BRESLAW, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an "order and money judgment" (one paper) of the Supreme Court, Westchester County (Gagliardi, J.H.O.), entered February 15, 1989, as (1) upon granting that branch of the defendant wife's motion which was for the payment by the plaintiff husband of certain arrears of college expenses of the parties' daughter in the amount of $21,469.45, directed him to pay the defendant wife the sum of $21,469.45, and (2) denied his cross motion to modify a prior order of the same court (Ferraro, J.), entered July 15, 1987, by deleting therefrom the provision directing him to pay for the daughter's tuition, clothing, laundry, parking, school supplies, and lunches.

Ordered that the order and money judgment is modified, on the law, by deleting the provision thereof denying the cross motion, and substituting therefor a provision granting the cross motion and the order entered July 15, 1987, is modified accordingly; as so modified, the order and money judgment is affirmed insofar as appealed from, without costs or disbursements.

The wife applied for temporary maintenance and related relief. By order entered July 15, 1987, the Supreme Court (Ferraro, J.) granted the wife's motion, and, *inter alia,* directed the husband to pay for their daughter's college expenses and other expenses even though the daughter was then 22

years of age. The husband did not appeal from this order. Thereafter, the husband allegedly failed to comply with various aspects of the order and the wife moved to enforce the order. In response, the husband cross-moved to modify the pendente lite order to the extent that he no longer be obligated to partially support the parties' daughter. By order and money judgment (one paper) dated February 8, 1989, the Supreme Court (Gagliardi, J.H.O.) granted the wife's motion and denied the husband's cross motion. The husband appeals from the order and money judgment. We modify the order and money judgment by deleting the provision directing the husband to provide for the future support of the parties' daughter.

The husband contends that since his daughter was 22 years of age when the court ordered him to pay her college expenses and certain other enumerated expenses, the court erred as a matter of law since a parent is not liable for the support of a child who has reached the age of 21. The wife contends that unusual and exceptional circumstances exist to warrant the support of the child beyond the age of 21. This court has held that a parent may not be directed to pay child support and/or contribute towards college education for a child who is 21 years of age or older absent an express agreement to do so (see, Hirsch v Hirsch, 142 AD2d 138, 139). At bar, there was no express agreement to support the parties' daughter beyond the age of 21 and therefore, the father should not have been directed to do so.

However, in his cross motion papers addressed to the Supreme Court, the husband requested only that he be relieved of his future obligation to support his daughter and did not request relief from the accrued expenses. Therefore, because the contention to be relieved of past expenses is raised for the first time on this appeal, it is not properly before this court (see, Lavine v Lavine, 127 AD2d 566, 567; see also, Hildenbiddle v Hildenbiddle, 110 AD2d 819). Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.