■ BLANCHE GORDON, Respondent, v ELLAS N. GORDON, Appellant. [609 NYS2d 95] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Klein, J.H.O.), dated July 23, 1991, which, *inter alia,* after a nonjury trial, (1) directed him to pay $150 per week in maintenance for five years and $135 per week in child support, (2) directed him to pay two-thirds of the carrying charges on the marital residence until its sale, (3) set an automatic reduction in the selling prices of the marital residence, if it were not sold by specified times, (4) failed to award him any portion of the wife's pension fund, (5) equally distributed his stock between the parties, (6) awarded the plaintiff wife a portion of his pension fund, (7) directed him to repay loans taken against his life insurance and pension plans, and (8) directed him to pay the wife's counsel fees in the amount of $6,350.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the sixth, thirteenth, fifteenth, twenty-second and twenty-fourth decretal paragraphs thereof, and (2) adding a provision thereto awarding the plaintiff wife the sum of $31,217.20 as and for her equitable share of the defendant husband's pension with the Atlantic Design Company; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the defendant shall pay the plaintiff her equitable share of the pension within 60 days after the sale of the marital premises or within 60 days after service upon him of a copy of this decision and order, with notice of its entry, whichever occurs later.

The parties agree that the judgment should be modified by

deleting the provision setting automatic reductions of the selling price for the marital premises. Additionally, the parties agree that the trial court failed to properly apportion the plaintiff wife's equitable interest in the defendant husband's pension with the Atlantic Design Company, his former employer. We find that the wife should be awarded 50% of the value of the husband's pension benefits, as of the date the action was commenced.

Since the parties stipulated, at the time of the trial, that the pension had a value of $62,434.39 as of June 30, 1989, the approximate date the action was commenced, we award the wife the sum of $31,217.20 as and for her equitable share. Although the trial court has discretion to direct deferred payments of the non-employee spouse's proportionate share, in accordance with the criteria established by the Court of Appeals in *Majauskas v Majauskas* (61 NY2d 481), the record in this case is insufficient to permit the appropriate calculations and directions to be made. Under the circumstances of this case, and in the exercise of this Court's discretion, we conclude that the wife's proportionate share should be distributed in a lump sum. In this regard, we note that the husband will receive sufficient resources from the sale of the marital premises in order to pay the wife's proportionate share in a lump sum.

Further, we find no support in the record for the award of counsel fees to the wife. No documentation, such as time sheets or other evidence, was offered to substantiate the number of hours claimed to have been devoted to this matter by the wife's attorney. Additionally, under the circumstances of this case, we conclude that the wife should be responsible for payment of her own counsel fees. Accordingly, we modify the judgment by vacating the award of counsel fees.

We have considered the husband's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.