■ LOUISE M. ROBINSON, Appellant, v RAY L. ROBINSON, SR., Respondent. [682 NYS2d 292] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Monserrate, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered October 28, 1997 in Broome County, upon a decision of the court.

The parties were married in 1969 and this divorce action was commenced on December 20, 1995. At the time of trial, plaintiff was 56 years of age and defendant 49. Plaintiff's entitlement to a divorce having been conceded by pretrial stipulation, a trial was held on the economic issues, following which Supreme Court ordered defendant to convey his interest in the marital residence (the court valued the residence at $44,000) to plaintiff; to continue to pay all of the marital debt, including the mortgage payments (the mortgage balance was $6,000), which incorporate amounts placed in escrow for insurance and taxes; and to contribute $1,500 to plaintiff's counsel fees. Defendant was allowed to keep his IRA accounts, totaling approximately $21,000. No award was made for child support—the parties' one remaining minor child having been deemed emancipated—or for spousal maintenance. Plaintiff appeals, challenging only so much of the court's award as denied her request for maintenance.

We affirm. In view of the parties' modest preseparation standard of living (*see, Hartog v Hartog*, 85 NY2d 36, 51), plaintiff's evident ability to earn an acceptable wage as a licensed practical nurse—an occupation which she voluntarily gave up because, among other reasons, she was not willing to endure the extensive traveling associated with becoming a supervisor (*see, Pejo v Pejo*, 213 AD2d 918, *lv denied* 85 NY2d 811)—and the substantial benefit she acquired as a result of the property distribution, which not only eliminates all of her housing expenses, save utility and maintenance costs, but also confers upon her sole ownership of the chief marital asset (*see, Southwick v Southwick*, 202 AD2d 996, 997, *lv dismissed* 83 NY2d 1000), Supreme Court did not abuse its discretion (*see, Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709) in declining to award her spousal maintenance.

Significantly, there was no evidence that plaintiff had foregone any educational or career opportunities during the parties' marriage; to the contrary, she testified that throughout the marriage she had worked "three quarters to full time", until she left her nursing position to open her own Christian book and gift shop (which has remained her sole property in keeping with the wishes of her mother, who furnished the

start-up capital for the venture). And, while plaintiff is presently enrolled at a Bible College, studying religious education and counseling, it is apparent that she does not need that training to become self-supporting or to maintain her standard of living, given her considerable prior work experience.

Although the record reveals that defendant, who works 65 hours a week, grosses approximately $32,000 annually from his full-time employment and an additional $8,400 from part-time work, his assumption of more than $20,000 in marital debt, with monthly payments amounting to roughly $720, substantially reduces the amount of income available to meet his living expenses. Assessing all of the relevant factors, we cannot say that Supreme Court erred in finding that defendant's continuing payment of the mortgage, taxes and insurance—which inures entirely to plaintiff's benefit—as well as over $14,000 in credit card debt incurred during the marriage, amply satisfies his "equitable responsibility to provide transitional financial support" for his former wife (*cf.*, *Smith v Smith*, 249 AD2d 813, 815).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.