■ CAROL COHEN, Appellant-Respondent, v RUSSELL COHEN, Respondent-Appellant. [687 NYS2d 726] —In a matrimonial action in which the parties were divorced by judgment dated December 6, 1982, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated March 26, 1998, as terminated the defendant's obligation to pay child support for the parties' daughter and to contribute to the daughter's college education beyond the daughter's 21st birthday, and limited the award of counsel fees to the plaintiff to $750, and (2) the defendant cross-appeals from the same order.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff urges this Court to overrule its prior holdings (*see, e.g., Maroney v Maroney,* 173 AD2d 685) and rule that, upon a showing of special circumstances, a noncustodial parent can be directed to pay child support and contribute to the child's college education beyond the child's 21st birthday. However, a parent has no legal obligation to continue the support of a child beyond the child's 21st birthday (*see, e.g.,* Family Ct Act § 413 [1]; Domestic Relations Law former § 32 [3]; Social Services Law § 101 [1]). Accordingly, this Court lacks the power to grant the plaintiff the relief she seeks with regard to child support and the daughter's college education.

The Supreme Court did not improvidently exercise its discretion in limiting the award of counsel fees to the plaintiff to $750 (*see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Kwong-Yo Lee v Oi Wa Chan,* 245 AD2d 270). O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.