■ GEORGI O'SULLIVAN, Respondent, v GEARIOD O'SULLIVAN, Appellant. [707 NYS2d 645] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (McCarty, J.), entered May 17, 1999, which, *inter alia*, (1) granted the plaintiff former wife maintenance in the sum of $175 per week until the parties' son

reaches 18 years of age, (2) awarded the plaintiff child support in the sum of $261.54 per week, and (3) directed him to pay the difference between the rental income and mortgage payments on the marital residence.

Ordered that the matter is remitted to the Supreme Court, Nassau County, to set forth the factors considered and the reasons for its determination of the defendant's income and for clarification of the provision directing him to pay the difference between the rental income and mortgage payments on the marital residence, and the appeal is held in abeyance in the interim. The Supreme Court, Nassau County, is to file its report with all convenient speed.

The judgment appealed from and the accompanying decision are deficient in the following respects: First, there are no findings of fact as to how the court determined the defendant's income to be $80,000 per year. Second, there is no indication whether the court subtracted the defendant's self-employment tax from gross income. If the defendant paid such tax, it was required to be subtracted from gross income (see, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]). Third, there is no indication whether the court reduced the defendant's gross income by the maintenance payments he was required to pay. Under the Child Support Standards Act, child support is calculated after maintenance is deducted from gross income (see, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; Frei v Pearson, 244 AD2d 454). With regard to the provision directing him to pay the difference between the rental income and mortgage payments on the marital residence, the exact amount required to be paid is unclear (see, Richards v Richards, 207 AD2d 628, 629). Thus, we remit the matter to the Supreme Court, Nassau County, for further proceedings consistent herewith. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.