■ JEANNE MILITANA, Respondent, v CHARLES MILITANA, Appellant. [720 NYS2d 188] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Parga, J.), dated July 13, 1999, as (a) awarded the plaintiff a "net lump sum" distributive award of $1,504,782, with interest at the rate of 9% per annum from the date of the entry of the judgment, (b) awarded the plaintiff maintenance in the sum of $1,500 per week for a period of five years, (c) awarded him child support of only $150 per week, and (d) awarded the plaintiff an attorney's fee and appraisal fees in the total sum of $85,000.

Ordered that the judgment is modified by (1) deleting the sixth and seventh decretal paragraphs thereof awarding the plaintiff maintenance and the tenth and eleventh decretal paragraphs awarding the defendant child support, and (2) deleting from the twelfth decretal paragraph thereof the sum of $85,000 and substituting therefor the sum of $50,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for recomputation of the plaintiff's child support obligation and for the entry of an appropriate amended judgment.

The parties were married on October 31, 1981. At the time of their marriage, the defendant had completed medical school and one year of surgical residency. The plaintiff had received her license as a registered nurse prior to the marriage. After the marriage, she continued her employment as a head recovery room nurse and also attended school, ultimately obtaining a B.S. degree in nursing. Subsequent to the marriage, the defendant changed career paths, enrolled in an anesthesiology residency program, completed the program, and was certified as an anesthesiologist. The plaintiff continued to work as a recovery room nurse until shortly before the birth of the first of the parties' two children in November 1985. Thereafter, the plaintiff never worked outside the home.

In March 1995 the plaintiff moved from the parties' marital residence on Long Island into their condominium in Massachusetts and commenced this action. Six months after she moved out of the marital residence, the plaintiff gave birth to a daughter fathered by someone other than the defendant. At

the time of trial, the plaintiff was 42 years old and the defendant was 45 years old. The parties had been married for 14 years when the plaintiff vacated the marital residence and commenced this action for divorce.

Under the facts of this case, considering the statutory factors set out in Domestic Relations Law § 236 (B) (6) (a), as well as her generous distributive award, it was improper to award the plaintiff prospective maintenance (*see, Pejo v Pejo,* 213 AD2d 918; *see also, Robinson v Robinson,* 256 AD2d 1011).

The Supreme Court erred in the manner in which it calculated the child support due the defendant. In calculating the combined parental income, the Supreme Court properly imputed income of $40,000 per year to the plaintiff based on her past employment experience and her educational background. It also correctly determined that the defendant's gross income was $653,201 per year as reported on his 1997 Federal income tax return, and properly deducted FICA and Medicare taxes from that sum. However, in calculating the plaintiff's pendente lite child support obligation, the Supreme Court erroneously failed to deduct from the defendant's income the pendente lite maintenance which was awarded to the plaintiff (*see, Morrissey v Morrissey,* 259 AD2d 472, 473). Additionally, in determining the plaintiff's future child support obligations, the Supreme Court erred in failing to draw a distinction between the combined parental income up to $80,000 and the combined parental income above $80,000 as required by the Child Support Standards Act (hereinafter CSSA), and did not give any reason for departing from the CSSA guidelines (*see, Matter of Cassano v Cassano,* 85 NY2d 649). Under these circumstances the matter must be remitted to the Supreme Court for a de novo determination of the plaintiff's child support obligation (*see, Bast v Rossoff,* 91 NY2d 723; *Matter of Cassano v Cassano, supra*).

The parties' remaining contentions are without merit. Bracken, Acting P. J., Florio, H. Miller and Smith, JJ., concur.