■ MARTHA C. POLI, Respondent-Appellant, v CHRISTOPHER L. POLI, Appellant-Respondent. [730 NYS2d 168] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated December 22, 1999, which, after a nonjury trial, *inter alia,* (a) granted him sole custody of the three children of the marriage only until such time as the plaintiff wife relocated her residence to the geographic area specified in the parties' January 28, 1999, stipulation, (b) directed him to pay child support in the sum of $12,000 per month, inclusive of private school tuition, (c) directed him to pay child support until the children reach the ages of 22 if they are still attending college, and (d) directed him to pay maintenance in the sum of $5,000 per month for a four-year period, and the plaintiff wife cross-appeals, as limited by her brief, from so much of the same judgment as (a) awarded the defendant husband sole custody, (b) failed to make child support retroactive to the date of her application therefor, and (c) failed to award her counsel fees.

Ordered that the judgment is modified by (1) deleting the second decretal paragraph thereof awarding the defendant sole custody of the three children of the marriage, and substituting therefor a provision awarding the parties joint custody, (2) deleting the third decretal paragraph thereof awarding the parties joint custody upon the plaintiff's relocation of her residence to a location within the geographic area specified in the parties' January 28, 1999, stipulation, (3) deleting so much of the fourth decretal paragraph thereof as directed the defendant to pay child support in the sum of $12,000 per month and provided that support continue until the children reach the age of 22 if they are still attending college, and substituting therefor a provision directing the defendant to pay child support in the sum of $5,000 per month until the children reach the age of 21 or are otherwise emancipated, (4) deleting so much of the fifth decretal paragraph thereof as directed that child support be retroactive to November 1, 1999, and substituting therefor a provision directing that child support be retroactive to June 28, 1996; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff shall relocate her residence in accordance with the parties' January 28, 1999, stipulation within six months after the service upon her of this Court's decision and order.

The parties were married in 1985 and have three children, triplets, who are now eight years old. The parties separated in April 1996, and the plaintiff and children left the marital residence in Great Neck, and moved into their East Hampton home. Shortly thereafter, the Great Neck residence was sold, and the defendant moved into an apartment in Manhattan. On January 28, 1999, the parties entered into a stipulation in which they agreed to joint custody of the children, with primary physical custody to remain with the plaintiff. In order to facilitate the ability of both parents to care for the children, the stipulation required the plaintiff to relocate from East Hampton to "Westchester, Great Neck, or an area in reasonable proximity thereto, in Nassau, Queens, Brooklyn or New York County." After trial, the Supreme Court awarded sole custody of the children to the defendant until such time as the plaintiff relocated to the geographic area specified in the parties' stipulation. The Supreme Court further directed that upon relocation, the parties would resume joint custody. Despite labeling the defendant the sole custodial parent pending the plaintiff's relocation, the Supreme Court left in place the par-

ties' agreement that the children reside with the plaintiff during the week, and spend weekends with the defendant.

On appeal, both the defendant and plaintiff raise objections to the custody award. We find that the joint custodial arrangement to which the parties agreed in their stipulation is in the best interest of the children. Since the plaintiff is afforded primary physical custody of the children in accordance with the stipulation, she should be granted joint custody so that both parents can share in the responsibility of making decisions concerning the welfare of the children (*see, Crane v Crane,* 264 AD2d 749). Although it appears that the Supreme Court awarded the defendant sole custody as a means of ensuring that the plaintiff would comply with the relocation provision of the stipulation, we do not agree that this is an appropriate method of enforcing it. Accordingly, we have modified the judgment to add a direction requiring the plaintiff to comply with the relocation provision of the stipulation, if she has not already done so, within six months after service upon her of our decision and order. In the event that the plaintiff fails to comply with the stipulation, the Supreme Court may entertain a motion for appropriate relief, including a change in custody.

We also find that the Supreme Court erred in including the cost of private school tuition, which was estimated to be $5,400 per month, in the defendant's child support obligation. Contrary to the Supreme Court's determination, the parties did not agree in their stipulation that the children would attend private school. Rather, the parties agreed in their stipulation that the plaintiff would relocate and, upon her relocation, that the children would be enrolled in public school.

Furthermore, as the defendant correctly contends, a parent is not liable for the support or college expenses of a child who has reached the age of 21 unless there is an express agreement to pay such support (*see, Cohen v Cohen,* 260 AD2d 422; *Breslaw v Breslaw,* 156 AD2d 627). Since no such agreement exists in this case, the Supreme Court erred in directing the defendant to pay child support until the children reach the age of 22 if they are still attending college (*see, Cohen v Cohen, supra; Breslaw v Breslaw, supra*). We have therefore modified the judgment appealed from to terminate the defendant's child support obligation when the children attain the age of 21, unless they are sooner emancipated.

With respect to the balance of the Supreme Court's child support award, we note that where the parties' combined income exceeds $80,000, the courts are not bound to apply the statutory percentage, here 29% to income above the statutory

threshold (*see,* Domestic Relations Law § 240 [1-b]; *Matter of Cassano v Cassano,* 85 NY2d 649; *Moschetti v Moschetti,* 277 AD2d 838; *Mitchell v Mitchell,* 264 AD2d 535). In such cases, the court may establish the child support obligation of the noncustodial parent through application of the statutory percentage, the factors set forth in Domestic Relations Law § 240 (1-b) (f), or some combination of the two (*see, Moschetti v Moschetti, supra*). Here, while we agree with the Supreme Court's finding that the relevant statutory factors warrant considering more than $80,000 of the defendant's income in calculating child support, these factors do not mandate that the statutory percentage be applied to his full income. Upon evaluation of all of the relevant statutory factors, including the needs of the children, we find that a monthly child support award of $5,000 would be just and appropriate. We further note that by statute, child support should be awarded retroactive to the date an application for such support was made, which, in this case, was the date the plaintiff commenced this action (*see,* Domestic Relations Law § 236 [B] [7] [a]; *Solomon v Solomon,* 282 AD2d 666; *Crane v Crane, supra; Rattler v Rattler,* 264 AD2d 768; *Mellen v Mellen,* 260 AD2d 609; *McNally v McNally,* 251 AD2d 302). Accordingly, the plaintiff is entitled to child support retroactive to June 28, 1996, less the amount of child support paid by the defendant pursuant to the pendente lite award (*see, Ferraro v Ferraro,* 257 AD2d 596; *Verdrager v Verdrager,* 230 AD2d 786).

We find no merit to the defendant's further contention that the Supreme Court erred in awarding durational maintenance to the plaintiff. "The court may order maintenance in such amount as justice requires, considering, *inter alia,* the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret,* 222 AD2d 412; *O'Sullivan v O'Sullivan,* 282 AD2d 586). Taking these factors into consideration, the award of maintenance in the sum of $5,000 per month for a period of four years was a provident exercise of discretion (*see, O'Sullivan v O'Sullivan, supra; Sheridan v Sperber,* 269 AD2d 439; *Granade-Bastuck v Bastuck,* 249 AD2d 444).

Finally, we find that the Supreme Court properly declined to award counsel fees to the plaintiff, since she never made a

formal application for such an award, and submitted no supporting documentation regarding the legal services rendered (*see, Gordon v Gordon,* 202 AD2d 634; *Dunne v Dunne,* 172 AD2d 482). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.