■ LESLIE T. FRANKEL, Respondent, v ELLIOTT S. FRANKEL, Appellant. [732 NYS2d 103] —In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Marano, J.), dated May 4, 2000, which denied his motion pursuant to CPLR 4404 (b) to set aside stated portions of the posttrial decision of the same court dated April 3, 2000, and (2), as limited by his brief, from stated portions of a judgment of the same court entered August 3, 2000, which, after a nonjury trial, *inter alia*, (a) failed to equitably distribute the plaintiff's benefit pension plan and deferred annuity account, (b) awarded the plaintiff maintenance in the amounts of $2,500 per month from April 1, 2000, retroactively, through March 31, 2003, and $2,000 per month from April 1, 2003, through March 31, 2007, and (c) awarded him child support in the amount of only $476 per month.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order which determines a motion to set aside a decision (*see, Petek v Petek,* 239 AD2d 327); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding child support to the defendant in the amount of $476 per month; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the issue of the amount of the plaintiff's child support obligation; and it is further,

Ordered that pending a new determination of the issue of the amount of the plaintiff's child support obligation, the plaintiff shall continue to pay $476 per month in child support to the defendant.

In determining the amount of the plaintiff's child support obligation, the Supreme Court erred in failing to deduct from the defendant's gross income his payments to the plaintiff for maintenance, as well as his FICA tax payments even though his 1998 tax return showed that he had paid self-employment tax (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C], [H]; *O'Sullivan v O'Sullivan,* 272 AD2d 309). Upon remittal, the Supreme Court should also consider whether to include in his gross income any of the defendant's self-employment deductions relating to depreciation greater than the depreciation calculated on a straight-line basis for the purpose of determining business income or investment credit, or any entertainment and travel allowances deducted from business income to the extent those allowances reduced personal expenditures (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vi] [A], [B]).

The defendant's contention that the Supreme Court failed to award him a credit for his voluntary payments made toward the mortgage and property taxes on the marital residence during the pendency of the action is without merit. The defendant received credit for approximately one-half of his payments when the Supreme Court awarded him a credit for the full amount of retroactive maintenance (*see, Graham v Graham,* 277 AD2d 423).

The Supreme Court providently exercised its discretion in determining the equitable distribution of the parties' marital property and in its award of maintenance to the plaintiff (*see,* Domestic Relations Law § 236 [B] [6] [a]; *Wegman v Wegman,* 123 AD2d 220).

The defendant's remaining contentions are without merit. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.