■ CHERYL K. BEECE, Respondent, v DANIEL K. BEECE, Appellant. [734 NYS2d 606] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of (1) an order of the Supreme Court, Putnam County (Sweeny, J.), entered February 14, 2000, which, *inter alia,* denied those branches of his motion which were (a) to declare that the plaintiff wife's attorney was not entitled to collect additional attorney's fees in the sum of $20,720 from the plaintiff, (b) to direct the plaintiff's attorney to return to the plaintiff the sum of $7,800 representing money she withdrew from the custodial accounts established for the parties' children under the Uniform Gift to Minors Act (hereinafter UGMA), (c) to direct the wife to return the sum of $7,800 to the custodial accounts, and (d) to refer the matter to the Grievance Committee to review the plaintiff's attorney's billing procedures, (2) a judgment of the same court dated April 21, 2000, and (3) an amended judgment of the same court, dated July 18, 2000, which, *inter alia,* (a) directed him to pay child support in the sum of $3,000 per month, (b) directed him to pay the sum of $32,500 into the children's UGMA custodial accounts, representing sums withdrawn by the plaintiff, and (c) failed to reduce the plaintiff's distributive award to credit him for one-half of his payment of the mortgage, real estate taxes, and homeowner's insurance on the marital residence from June 1997 to December 1999.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed; and it is further,

Ordered that the amended judgment is modified, on the law, by (1) deleting the fourth decretal paragraph thereof directing the defendant to pay child support in the sum of $3,000 per month, (2) deleting from the eleventh decretal paragraph thereof the sum of $32,500 and substituting therefor the sum of $24,700, and (3) adding thereto a decretal paragraph directing the plaintiff to pay $7,800 into the children's custodial accounts in equal sums of $1,950 into each account; as so modified, the amended judgment is affirmed insofar as appealed from, the judgment is vacated, the order entered February 14, 2000, is modified accordingly, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings consistent herewith and entry of an appropriate further amended judgment; and it is further,

Ordered that the defendant shall continue to pay child support in the sum of $3,000 per month until the Supreme Court,

Putnam County, makes a de novo determination of child support in accordance herewith; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeals from the intermediate order and the judgment must be dismissed because the right of direct appeal from the order and the judgment terminated with the entry of the amended judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the order and the judgment are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

We agree with the defendant's contention that the Supreme Court erred in effectively awarding the plaintiff an attorney's fee in the amount of $7,800, upon her representation that as of the time of trial, she had paid her attorney that sum. Although "[t]he award of a reasonable counsel fee is a matter within the sound discretion of the trial court" (*Grossman v Grossman,* 260 AD2d 602, 603), in this case, the evidence submitted by the plaintiff in support of her application was insufficient to support such an award (*see, Gordon v Gordon,* 202 AD2d 634; *Poli v Poli,* 286 AD2d 720). Further, since the plaintiff admittedly paid her attorney $7,800 with money withdrawn from the children's UGMA custodial accounts, that branch of the defendant's motion which was to direct the plaintiff to repay that amount into those accounts is granted.

Contrary to the defendant's contention, he is not entitled to a credit for payments he made voluntarily towards the carrying charges of the marital home (*see, Litman v Litman,* 280 AD2d 520). However, the Supreme Court should have reduced the plaintiff's distributive award to credit the defendant with his 50% share of the amount he paid to reduce the principal balance of the mortgage on the marital residence while the parties were separated (*see, Litman v Litman, supra*). Since the record before us is inadequate to determine the amount of the credit, the matter is remitted to the Supreme Court, Putnam County, for a determination of that credit, and the entry of an appropriate amended judgment on the plaintiff's distributive award.

Finally, the Supreme Court improperly failed to deduct the defendant's FICA contributions and his maintenance obligations from his gross income before calculating his child support obligations (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C], [H]; *Harrison v Harrison,* 255 AD2d 490, 491; *O'Sullivan v O'Sullivan,* 272 AD2d 309, 310). "Additionally, in determining the [defendant's] future child support obligations, the Supreme

Court erred in failing to draw a distinction between the combined parental income up to $80,000 and the combined parental income above $80,000 as required by the Child Support Standards Act" (*Militana v Militana,* 280 AD2d 529, 530). Under these circumstances, the matter must be remitted to the Supreme Court for a de novo determination of the defendant's child support obligation (*see, Militana v Militana, supra*).

The defendant's remaining contentions are without merit. Altman, J. P., Friedmann, Schmidt and Adams, JJ., concur.