■ PERRY DUBINSKY, Appellant, v ESTHER DUBINSKY, Respondent. [756 NYS2d 52] —In a matrimonial action in which the parties were divorced by judgment dated May 1, 2000, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated November 30, 2001, as granted those branches of the defendant's cross motion which were to direct him to maintain a $1,000,000 life insurance policy in favor of the defendant and the parties' children, to reimburse the defendant the amount of $340 for summer camp tuition, to reimburse the defendant for a deduction from maintenance of $352.42 for automobile lease surrender costs, to require him to account for Yeshiva tuition paid for the 2000-2001 school year, and to pay the defendant for any additional child support based thereon, in accordance with a stipulation of settlement.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's cross motion which were to direct the plaintiff to maintain the $1,000,000 life insurance policy, to reimburse the defendant in the amount of $340 for summer camp tuition, and to reimburse the defendant for a deduction from maintenance of $352.42 for automobile lease surrender costs, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Perry Dubinsky, and the defendant, Esther Dubinsky, were married in 1988, and the plaintiff filed for divorce in 1998. The parties settled all matters before them in a stipulation of settlement which was entered into in open court on June 23 and 28, 1999.

A provision in the parties' stipulation required the plaintiff to provide insurance on his life in the amount of $1,000,000, with the defendant the beneficiary of $500,000, and the parties' four children equal beneficiaries of the balance. Under the stipulation, the defendant was deemed the owner of the policy, and the plaintiff agreed to transfer ownership of the policy to her. The plaintiff's obligation to maintain the life insurance policy was to cease upon emancipation of all four children. On May 30, 2001, the Family Court awarded the plaintiff custody

of the children, and on June 23, 2001, the plaintiff took physical custody of them. Under the terms of the stipulation, the children were emancipated at such time.

The Supreme Court erred in directing the plaintiff to maintain the life insurance policy once the children were emancipated within the meaning of the parties' stipulation, since that was contrary to the language of the stipulation (see *Slatt v Slatt,* 64 NY2d 966; *Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16).

The Supreme Court also erred in directing the plaintiff to reimburse the defendant for surrender charges in connection with her automobile lease which he deducted from her maintenance payments and $340 of the children's summer camp expenses. The terms of the stipulation provided that the defendant was responsible for all the lease surrender charges associated with her vehicle and that if the plaintiff paid such costs he would be entitled to reimbursement. The plaintiff paid the surrender charges and properly deducted them from the defendant's maintenance payment as the parties intended in the agreement (see generally *Slatt v Slatt, supra*). Further, the plaintiff was only responsible for the first $3,000 of summer camp tuition for the children. The plaintiff fulfilled that obligation, and the Supreme Court erred in requiring him to reimburse the defendant for the additional $340 of camp tuition.

The plaintiff's remaining contentions are without merit. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.