■ CHRISTINA BLACK, Respondent, v FRANCIS CARLING, Appellant. [779 NYS2d 493]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered January 14, 2003, which granted plaintiff wife's motion (1) to confirm a Special Referee's report recommending, inter alia, the denial of defendant husband's cross motion to readjust the parties' respective child support obligations contained in a stipulation of settlement incorporated but not merged into the parties' judgment of divorce, and (2) for an award of $39,093.30 representing attorneys' fees and disbursements incurred up to the motion to confirm, "together with [an award of] such additional sums as the plaintiff incurs in connection with the instant motion [to confirm]," unanimously modified, on the law, to vacate the award of attorneys' fees and remand for a hearing thereon, and otherwise affirmed, without costs.

The application of defendant husband for a modification of child support was properly denied, under any standard (*see Brescia v Fitts*, 56 NY2d 132 [1982]; *Matter of Boden v Boden*, 42 NY2d 210 [1977]; *Merl v Merl*, 67 NY2d 359 [1986]). The Referee correctly observed that the documentation defendant offered was insufficient to support his claim, and his change of circumstances was neither unanticipated nor unreasonable in view of his intentional and voluntary alteration in his law practice.

Similar considerations require denial of defendant's request that his life insurance obligations be modified by crediting him with the value of certain trusts and college savings plans he set

up for the children; the stipulation simply does not provide for any such credit (*cf. Dubinsky v Dubinsky*, 301 AD2d 559 [2003]). In any event, defendant fails to establish the existence of the claimed trusts, and it does not appear that the college accounts would provide the same level of security as life insurance in the event of his death. However, attorneys' fees should not have been awarded on the basis of affirmations alone (*see Shapiro v Rosa*, 224 AD2d 181 [1996]). Accordingly, we remand for a hearing on the parties' relative financial circumstances and, should plaintiff show entitlement to attorneys' fees, the reasonable value of her attorney's services, incurred and to be incurred, starting with her enforcement motion and continuing through the hearing ordered herein and any anticipated proceedings in connection therewith (*cf. Block v Block*, 296 AD2d 343 [2002]).

We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Sullivan, JJ.