■ In the Matter of Douglas Z. Winokur, Appellant, v Jill Winokur, Respondent. [819 NYS2d 282]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Davidson, J.), entered November 24, 2004, which, after a hearing, denied his objections to an order of the same court (Kava, S.M.), entered May 6, 2004, denying his petition for a downward modification of his child support obligation.

Ordered that the order entered November 24, 2004 is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order entered May 6, 2004 as failed to place a limit on his support obligation for the parties' youngest child, Mara, and substituting therefor a provision sustaining that objection to the extent of limiting the petitioner's obligation to pay child support until Mara reaches the age of 21 or is sooner emancipated; as so modified, the order is affirmed, without costs or disbursements.

By judgment dated January 15, 1999, the marriage between the petitioner Douglas Winokur, and the respondent Jill Winokur, was dissolved. On February 14, 2001 an amended judgment of divorce was entered in which the parties incorporated a stipulation of settlement providing that beginning December 11, 1998, the petitioner would make weekly payments of $500 for the support of the parties' three minor children, with one third

of the total amount allocated to each child until emancipation. On April 25, 2002 the petitioner and the respondent entered into a stipulation that was subsequently incorporated into an order, agreeing to modify the father's support obligations by reducing his weekly child support payments from $500 to $350 without regard to the children's emancipation.

The father subsequently petitioned to reduce the support amount set forth in the order dated April 25, 2002, on the ground that the amount should be reduced by the allocated amount (one third each) for the two children who had reached the age of emancipation, with retroactive reductions of support to the respective date that each of the two children reached the age of 21. In the order appealed from, the Family Court, Westchester County, denied the petitioner's objections to an order denying the petition, on the ground that the reduced weekly support amount of $350 covered all three children without regard to their emancipation. We modify.

Stipulations and separation agreements that provide for an unallocated child support payment may only be reduced or terminated on conditions that are expressly provided for in the stipulation or agreement (*see Sherman v Sherman*, 168 AD2d 550 [1990]; *see also Dubinsky v Dubinsky*, 301 AD2d 559 [2003]; *Besch v Besch*, 225 AD2d 1045 [1996]). Further, "[t]erms or conditions for reduction or termination of [support] payments, relating to the status of the children, should not be implied or deemed to exist" (*Sherman v Sherman, supra* at 551 [internal quotation marks omitted]; *see also Matter of DeAngelis v DeAngelis*, 285 AD2d 593 [2001]). Since the stipulation in this case contains no provision for reducing the weekly payments after a child's emancipation, it must be concluded that the emancipation of an individual child has no bearing on the petitioner's support obligation.

Finally, a parent is not liable for the support of a child who has reached the age of 21 unless there is an express agreement to pay such support (*see* Family Ct Act § 413). Since no such agreement exists in this case, we have modified the order appealed from to terminate the petitioner's child support obligation when the youngest child, Mara, attains the age of 21, unless she is sooner emancipated (*see Poli v Poli*, 286 AD2d 720 [2001]; *Maroney v Maroney*, 173 AD2d 685 [1991]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.