■ GARY T. SIGNORELLI, Appellant, v KATHERINE SIGNORELLI, Respondent. [857 NYS2d 163]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered September 6, 2006, as granted the defendant wife's motion for pendente lite relief to the extent of directing that he pay to her, retroactive to the date of service of her motion, $3,241 per month temporary maintenance, $454.05 per week temporary child support, all unreimbursed nonelective medical, psychiatric, and dental expenses for her and the children, and tuition and school-related expenses for the children.

Ordered that the order is modified, on the law and as an exercise of discretion, by deleting the provision thereof directing the plaintiff to pay, for the parties' older child, child support, unreimbursed nonelective medical, psychiatric and dental expenses, and tuition and school-related expenses; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Generally, a speedy trial is the proper remedy to rectify inequities in an order directing the payment of temporary maintenance and child support (*see Levine v Levine,* 19 AD3d 374, 376-377 [2005]; *Levakis v Levakis,* 7 AD3d 678 [2004]; *Campanaro v Campanaro,* 292 AD2d 330, 331 [2002]; *Gold v Gold,* 212 AD2d 503 [1995]).

In the present case, the Supreme Court erred in directing the plaintiff to pay, for the parties' older child, who reached the age of majority prior to the disposition of the defendant's motion, child support, unreimbursed nonelective medical, psychiatric, and dental expenses, and tuition and school-related expenses (*see Matter of Winokur v Winokur,* 31 AD3d 653, 654 [2006]; *Poli v Poli,* 286 AD2d 720, 722 [2001]; *Cohen v Cohen,* 260 AD2d 422, 423 [1999]; *Samu v Samu,* 243 AD2d 458, 459 [1997]; *Maroney v Maroney,* 173 AD2d 685 [1991]).

The Supreme Court properly awarded the defendant maintenance in the amount of $3,241 per month to be used to cover the mortgage and home equity line of credit payments on the marital residence. The plaintiff was not ordered to pay the entire carrying charges on the marital residence (*compare Polychronopoulos v Polychronopoulos,* 226 AD2d 354, 355 [1996]; *Stanton v Stanton,* 211 AD2d 781, 782 [1995]). Rather, the defendant was left to pay for all charges excluding the

mortgage and home equity line of credit, including utilities, household maintenance, and food and clothing for the children. Given these expenses, the disparity in the parties' incomes and "[t]he standard of living the child would have enjoyed had the marriage or household not been dissolved" (Domestic Relations Law § 240 [1-b] [f] [3]), the award of child support for the parties' younger child in the sum set by the CSSA as well as maintenance to cover the mortgage and home equity loan payments was not error (*see generally Krantz v Krantz,* 175 AD2d 863, 864 [1991]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.