■ OLGA DINOTO, Appellant, v SPERO DINOTO, Respondent. [947 NYS2d 605]—

"[W]here the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (*Aloi v Simoni*, 82 AD3d 683, 685 [2011]; *see Lurie v Lurie*, 94 AD3d 1376 [2012]). Here, the trial court providently exercised its discretion in drawing unfavorable inferences from the plaintiff's testimony. In particular, the court correctly deter-

mined that the plaintiff's testimony was substantially unworthy of belief.

The trial court also properly determined that the plaintiff was not entitled to share in the appreciation in value of the former marital residence, which was the defendant's separate property. "Appreciation in the value of separate property is considered separate property, 'except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse' " (*Bernholc v Bornstein*, 72 AD3d 625, 628 [2010], quoting *Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *see* Domestic Relations Law § 236 [B] [1] [d] [3]). Here, the plaintiff failed to demonstrate that she made either direct financial or any nonfinancial contributions to this property such that the appreciated value was subject to equitable distribution.

Additionally, inasmuch as the court concluded that the plaintiff was responsible for causing damage to the former marital residence, the court providently exercised its discretion by awarding her only one-third of the net proceeds from any sale of marital real property located in Whitestone, Queens, rather than one-half of the net proceeds from the sale. "While the distribution of marital property must be equitable, there is no requirement that the assets be split evenly" (*Giokas v Giokas*, 73 AD3d 688, 689 [2010]).

The trial court properly determined that a condominium unit located in Fort Lauderdale, Florida, was marital property, and that the parties were to share equally in either the financial loss or gain realized upon the sale or transfer of the property. Accordingly, the judgment is modified to direct that the plaintiff's name be placed on the deed to that property as a tenant in common with the defendant.

The plaintiff's claim that the court should have awarded her an attorney's fee is without merit, "since she never made a formal application for such an award, and submitted no supporting documentation regarding the legal services rendered" (*Poli v Poli*, 286 AD2d 720, 723-724 [2001]; *see Nichols v Nichols*, 19 AD3d 775, 779-780 [2005]; *Cynoske v Cynoske*, 8 AD3d 720, 724 [2004]; *Beece v Beece*, 289 AD2d 352, 353 [2001]).

The plaintiff's remaining contentions are without merit. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.