Bank of N.Y. Mellon v Gitit Graffi (2019 NY Slip Op 03942)





Bank of N.Y. Mellon v Gitit Graffi


2019 NY Slip Op 03942


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-07882
 (Index No. 704482/14)

[*1]Bank of New York Mellon, etc., appellant, 
v
Gitit Graffi, et al., defendants, Stewart Title Insurance Company, respondent.


Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali and Stacey Weisblatt of counsel), for appellant.
Thomas G. Sherwood, LLC, Garden City, NY (James P. Truitt III and Amy E. Abbandondelo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated May 11, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for default interest, late charges, other property-related expenses, escrow funds, and attorney's fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Gitit Graffi as security for a note in the sum of $372,000. Following the issuance of an order of reference, the referee issued a report finding that the plaintiff was due the amount of $741,491.83, inclusive of a principal balance of $365,794.39. The plaintiff moved to confirm the referee's report, for a judgment of foreclosure and sale, and for an award of attorney's fees (see RPAPL 1351; CPLR 4403). The defendant Stewart Title Insurance Company (hereinafter Stewart) opposed the motion. By order dated May 11, 2017, the Supreme Court granted the motion to the extent of granting a judgment of foreclosure and sale and confirming the referee's report, "with the exception that plaintiff's request for default interest, initial escrow balance, late charges, insurance payments, tax payments, property preservation costs, fees and disbursements and attorney's fees, is denied." The plaintiff appeals.
"The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 630; CPLR 4403). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1019-1020; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 823; 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455, 459).
Contrary to the plaintiff's contention, Stewart may challenge the referee's findings based on its status as a subordinate mortgagee (see RPAPL 1351[3]; 1354[3]; 1361[2]).
In view of the lengthy delay in foreclosing the subject mortgage, we agree with the Supreme Court's determination that the plaintiff should not recover any default interest or late charges (see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863; Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004, 1005; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984-985; Dayan v York, 51 AD3d 964, 965).
We also agree with the Supreme Court's denial of the plaintiff's request for other property-related expenses and escrow funds, as the request was supported only by the conclusory, unsubstantiated affidavit of a representative of the plaintiff's loan servicer without any supporting documentation (see Citimortgage, Inc. v Kidd, 148 AD3d at 768-769).
We also agree with the Supreme Court's denial of the plaintiff's request for attorney's fees, as the plaintiff failed to substantiate the performance of certain services, to establish the time and rate for the services, and to demonstrate the reasonableness of the attorney's fees requested (see Beece v Beece, 289 AD2d 352, 353; Gordon v Gordon, 202 AD2d 634; cf. Vigo v 501 Second St. Holding Corp., 121 AD3d 778; see generally Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935-936; SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 988).
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court