■ LINDA HILD et al., Appellants, v HICKSVILLE UNION FREE SCHOOL DISTRICT et al., Respondents. [623 NYS2d 318] —In an action to enforce stated portions of a stipulation of settlement entered into in open court on April 7, 1992, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered September 9, 1993, as denied that branch of their motion which was to compel the defendants to accept credits earned at the Woods School toward the 32 credits which the plaintiffs are required to earn in order to be certified as teachers assistants.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the plaintiffs' motion which was to compel the defendants to accept credits from the Woods

School toward the plaintiffs' certification as teaching assistants is granted.

It is apparent from a reading of the plain language of the Stipulation of Settlement that only the *new* courses taken by the plaintiffs toward satisfaction of their teaching assistant certification had to be from a currently accredited college or university. When addressing prior-acquired credits, the defendants' counsel expressly declared that those plaintiffs who already possessed course credits "won't need 32 credits in addition to those credits that they already have". The plaintiffs presented correspondence from the New York State Department of Education that its standard policy for some 30 years has been to accept coursework completed before a school became accredited toward teaching assistant certification. Any departure from this tradition would have had to be set forth with specificity in the stipulation. As this was not done, it is clear that the parties intended the traditional policy would continue to apply. Moreover, as the stipulation was extemporaneously recited into the record by the defendants' attorney, any ambiguity therein must be resolved against the defendants. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.