■ ERIC SKOLNICK, Respondent, v LISA SKOLNICK, Appellant. [705 NYS2d 396] —In a matrimonial action in which the parties were divorced by a judgment dated July 17, 1984, the defendant former wife appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 11, 1999, which, *inter alia,* denied her motion for (1) leave to enter a money judgment against the plaintiff former husband for arrears in

child support pursuant to Domestic Relations Law § 244, (2) a hearing with full discovery on all outstanding issues between the parties, and (3) reasonable counsel fees pursuant to the parties' separation agreement and Domestic Relations Law § 237 (c).

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the motion which was for leave to enter a money judgment for arrears in child support with respect to the college telephone expenses of the parties' children and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the motion which was for reasonable counsel fees and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, to determine (1) the amount of the college telephone expenses the plaintiff shall reimburse the defendant, and (2) the reasonable counsel fees to be awarded to the defendant.

The defendant contends that the Supreme Court erred in finding that the plaintiff was not required to pay one-half of the college telephone expenses of the parties' children under the separation agreement. We agree.

Pursuant to the parties' separation agreement, each agreed to pay "one-half (½) of all college and four (4) years of post-graduate school education [for their children] including but not limited to tuition, books and other related expenses, housing and board". Telephone expenses incurred by the parties' children while living at college and post-graduate school are college-related expenses pursuant to a plain meaning interpretation of this clause (see, Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726). Accordingly, we remit the matter to the Supreme Court, Queens County, for the calculation of the children's college telephone expenses in arrears and the reasonable counsel fees to be awarded to the defendant for violation of the separation agreement pursuant to that agreement and Domestic Relations Law § 237 (c).

There is no merit to the defendant's further contention that pursuant to the above provision, the plaintiff was required to pay for half of one of the children's summer educational programs in Russia and Poland. In the absence of any evidence that those programs were part of a course of study leading to an undergraduate or post-graduate degree, the plaintiff was not obligated to pay for one-half of the tuition for those programs under the separation agreement (see, Matter of Hartle v Cobane, 228 AD2d 756, 757).

The defendant's remaining contentions are without merit. Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.