■ MARGARET YOUSSEF, Formerly Known as MARGARET CANTELMO, Appellant, v LEO CANTELMO, Respondent. [717 NYS2d 383] —In a matrimonial action in which the parties were divorced by judgment dated July 19, 1982, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Yancey, J.), dated October 27, 1999, as denied those branches of her motion which were to fix child support arrears, and, in effect, to require the defendant to pay college expenses for the children.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to fix child support arrears, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount, if any, of child support arrears.

The plaintiff mother and the defendant father were divorced by judgment dated July 19, 1982. Pursuant to a stipulation which was incorporated but not merged with the judgment of divorce, the mother was awarded custody of the children, and the father was required to pay child support of $120 per week beginning January 20, 1983. On August 19, 1987, the Family Court, Kings County, increased the father's child support obligation to $150, and issued an income deduction order authorizing the father's employer to withhold child support payments from his salary. When the father ceased working, the mother obtained a second income deduction order authorizing the New York City Employees Retirement System (hereinafter the Retirement System) to withhold child support payments and certain arrears from his monthly pension. However, the Retirement System did not begin to withhold these payments from the father's pension until May 1999, nearly two years after the second income deduction order had been issued. Shortly thereafter, the mother moved to fix child support arrears pursuant to Domestic Relations Law § 244, and to require the father to pay a share of the college expenses for two of the parties' children. The father then cross-moved, *inter alia,* to terminate his support obligation on the ground that the children were emancipated. The Supreme Court denied the mother's motion, and determined that the father's child support obligation had ceased on June 2, 1999, when the youngest child of the marriage attained the age of 21.

The mother contends that the Supreme Court erred in denying that branch of her motion which was to fix child support arrears pursuant to Domestic Relations Law § 244. We agree. Under the terms of the parties' judgment of divorce and the August 1987 Family Court order, the father had a continuing duty to pay the unallocated sum of $150 per week in child support, which terminated when the youngest child reached the age of 21 (*see,* Family Ct Act § 413). Although an income deduction order was issued in August 1987, the mother alleges that child support payments stopped after the father terminated his employment, and did not resume until May 1999, when the

Retirement System began withholding payments from the father's pension. Domestic Relations Law § 244 provides that "[w]here a spouse in an action for divorce, separation or annulment * * * defaults in paying any sum of money as required by the judgment or order directing the payment thereof * * * [t]he court shall make an order directing the entry of judgment for the amount of arrears of child support." Thus, where, as here, the arrears are arrears for child support, the Supreme Court has no discretion to reduce or cancel the arrears (*see, Matter of Dox v Tynon,* 90 NY2d 166; *Howfield v Howfield,* 250 AD2d 573). Since there are contested factual issues as to whether the father complied with his support obligations after terminating his employment, the Supreme Court erred in summarily denying the mother's application to fix child support arrears. Accordingly, we remit this matter to the Supreme Court for a hearing to determine the amount, if any, of child support arrears (*see, Palladino v Palladino,* 264 AD2d 441).

However, the Supreme Court properly denied that branch of the mother's motion which was to require the father to pay college expenses for the parties' two youngest children. In the absence of a voluntary agreement, a parent cannot be required to contribute to the college education of children who have reached the age of 21 (*see, Cohen v Cohen,* 260 AD2d 422; *Maroney v Maroney,* 173 AD2d 685). O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.