█ DEBORAH MILLER, Respondent, v ALLAN B. MILLER, Appellant. [750 NYS2d 112] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Kent, J.), entered April 16, 2001, which, inter alia, after a nonjury trial, awarded the plaintiff maintenance, child support, equitable distribution, and counsel fees.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof directing the defendant to pay to the plaintiff the sum of $237,500 as equitable distribution of his interest in American Food Company, and substituting therefor a provision directing him to pay the sum of $178,125, and (2) deleting the provision thereof directing the defendant to pay the sum of $721 per week in basic child support, and substituting therefor provisions directing the defendant to pay (a) $596.15 per week until October 31, 2002, (b) $405.38 per week from October 31, 2002, until the defendant's obligation to pay maintenance terminates, and (c), upon the termination of the obligation to pay maintenance, $490.38 per week, until August 14, 2007, when the parties' youngest child reaches the age of 21 years, and (3) deleting the provisions thereof direct-

ing the defendant to pay arrears of child support retroactive to June 25, 1998, and 100% of educational expenses; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination with respect to educational expenses and determination of any arrears of child support retroactive to June 25, 1998, and to the entry of an amended judgment.

As the plaintiff correctly concedes, her equitable distribution award attributable to the defendant's interest in American Food Company should be reduced from $237,500 to $178,125. The Supreme Court placed a value on the company of $475,000 which is not in dispute. The defendant's ownership interest in the company was 75%, or $356,250. The Supreme Court awarded the plaintiff one half of the marital property. Accordingly, her share of this asset is $178,125.

There are two issue of the marriage: a daughter born October 31, 1981, and a son born August 14, 1986. The daughter is attending college, and reached the age of 21 years on October 31, 2002, whereupon the defendant's obligation to pay child support, including educational expenses, ceased (*see Cohen v Cohen,* 260 AD2d 422; *Lekutanaj v Lekutanaj,* 234 AD2d 429; *Maroney v Maroney,* 173 AD2d 685; Domestic Relations Law former § 32 [3]). "In the absence of a voluntary agreement, a parent may not be directed to pay support or to contribute to the college education of a child who has attained the age of 21 years" (*Maroney v Maroney, supra* at 685), and has no obligation to continue the support of a child after the child reaches the age of 21 years (*see Bani-Esraili v Lerman,* 69 NY2d 807).

In calculating the defendant's child support obligation, the Supreme Court failed to comply with Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C), requiring the reduction of the defendant's income by the amount of maintenance paid to the plaintiff of $500 per week before determining his child support obligation and directing a concomitant increase in the child support obligation upon the termination of the maintenance obligation (*see Rohrs v Rohrs,* 297 AD2d 317). Basic child support is recalculated as follows: (1) until October 31, 2002, when the daughter reached the age of 21 years, the defendant shall pay basic child support for two children of 25% of $124,000 ($150,000 less annual maintenance of $26,000) which amounts to $31,000 per year or $596.15 per week, (2) after October 31, 2002, the defendant shall pay basic child support for one child of 17% of $124,000, which amounts to $21,080 per year or $405.38 per week, and (3) once the maintenance obligation

terminates, the defendant shall pay the plaintiff 17% of $150,000, which amounts to $25,500 per year or $490.38 per week, until August 14, 2007, when the parties' son reaches the age of 21 years.

The parties agree that the Supreme Court must determine the amount of arrears. Child support was awarded retroactive to the time the action was commenced, or June 25, 1998, to be reduced by "any payments of child support actually made since the date of commencement." The Supreme Court must determine the amount of pendente lite child support actually paid, and the portion of the carrying charges for the marital residence which the defendant paid that can appropriately be attributed to pendente lite child support, rather than pendente lite maintenance (*see Stern v Stern,* 273 AD2d 298; *Crane v Crane,* 264 AD2d 749).

The Supreme Court awarded 100% of educational expenses to the plaintiff without setting forth its reasons for so doing. The Supreme Court does not have unfettered discretion to award educational expenses and in so doing "must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (*Manno v Manno,* 196 AD2d 488, 491). We remit the matter to the Supreme Court, Suffolk County, so it may exercise its discretion based upon a consideration of the appropriate factors and set forth its reasons (*see Matter of Cassano v Cassano,* 203 AD2d 563, 564, *affd* 85 NY2d 649).

In any event, the defendant is entitled to a credit for his payments pursuant to the judgment of divorce for his daughter's room and board while at college (*see Rohrs v Rohrs, supra*). Since his daughter reached the age of 21 on October 31, 2002, any obligation to pay her educational expenses terminated at that time. Therefore, the credit applies to past payments, which should be credited against arrears of child support.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.