■ MARY J. COSTELLO, Respondent, v JOHN A. COSTELLO, Appellant. [757 NYS2d 588] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Putnam County (Sweeny, J.), dated March 10, 2002, as (1) directed him to pay the plaintiff former wife maintenance in the amount of $200 per week until she reached 65 years of age, (2) directed him to provide her with health insurance until she reached 65 years of age, (3) directed him to re-

imburse her for all loans she or the parties' child, Jennifer, took out in connection with Jennifer's college education, (4) ordered that he was solely liable for any tax payments, interest, and penalties due in connection with the parties' joint tax liability, and (5) directed the parties to sell the marital residence and to share the proceeds of such sale equally.

Ordered that the judgment is modified, on the law, by adding to the twenty first decretal paragraph thereof a provision limiting the defendant's obligation to reimburse the plaintiff for loans taken out by the parties' child, Jennifer, and/or the plaintiff in connection with Jennifer's college education to loans used for Jennifer's education prior to her reaching 21 years of age; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith.

Since the trial court did not find credible the defendant's testimony that he was wrongly terminated from his employment as opposed to having voluntarily sought retirement, the court providently exercised its discretion in imputing income to the defendant higher than that claimed (*see Rohrs v Rohrs,* 297 AD2d 317 [2002]; *Thomas v DeFalco,* 270 AD2d 277 [2000]; *see also Walker v Walker,* 289 AD2d 225 [2001], *lv denied* 99 NY2d 503 [2002]). Contrary to the defendant's contentions, the court considered the necessary statutory factors to fashion an equitable maintenance award, including, among other factors, the plaintiff's reasonable needs, the predivorce standard of living, the financial circumstances of the parties, the ability of the plaintiff to become self-supporting, the duration of the marriage and the age of both parties (*see* Domestic Relations Law § 236 [B] [6]; *Hartog v Hartog,* 85 NY2d 36 [1995]). For the same reasons, the court's direction to the defendant to provide for health insurance for the plaintiff until she reached the age of 65 was also proper (*see* Domestic Relations Law § 236 [B] [8] [a]).

Considering the circumstances of the respective parties and the best interests of the parties' child, Jennifer, the court providently exercised its discretion in directing the defendant to contribute to Jennifer's private college education by reimbursing the plaintiff for loans taken out in connection with Jennifer's schooling at Syracuse University (*see Manno v Manno,* 196 AD2d 488 [1993]; Domestic Relations Law § 240 [1-b] [c] [7]). However, a parent cannot be directed to contribute toward the college education of a child who is 21 years of age or older, unless that parent has voluntarily agreed to do so (*see*

*Youssef v Cantelmo,* 278 AD2d 489 [2000]). Thus, to the extent that these loans cover education for Jennifer beyond October 23, 2002, the date upon which she reached 21 years of age, the court erred in directing the defendant to pay back all of the loans in connection with the daughter's senior year of college, the 2002-2003 school year. Accordingly, we remit the matter to the Supreme Court, Putnam County, for a determination of the defendant's proper pro rata obligation.

The trial court did not find credible the defendant's testimony regarding his inability to access the documentation necessary to prepare the joint 1993 income tax return until 1996, nor his testimony regarding the plaintiff's refusal to sign the return for a period of time thereafter. The court did, however, find that he was the party who made the financial decisions regarding the income tax return, and the record demonstrates that he earned virtually 100% of the parties' income in 1993, and that he met and negotiated with the Internal Revenue Service on the parties' joint behalf regarding the tax liability without notifying the plaintiff. Accordingly, the trial court providently exercised its discretion in directing the defendant to pay any tax payments, interest, and penalties due in connection with the parties' failure to timely file the 1993 joint income tax return (*see Fiedler v Fiedler,* 230 AD2d 822 [1996]; *Baker v Baker,* 188 AD2d 710 [1992]).

The defendant's remaining contention with respect to the equitable distribution of the marital residence is without merit. Krausman, J.P., Townes, Mastro and Rivera, JJ., concur.