██ In the Matter of SAWAKO MENTOR, Appellant, v RICHARD DeLORME, Respondent. [794 NYS2d 212]—

Appeal from an order of the Family Court, Monroe County (Marilyn O'Connor, J.), entered July 20, 2004 pursuant to Family Court Act article 4. The order granted the objection of respondent to the order of a Support Magistrate and denied the amended petition for an upward modification of child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Family Court, Monroe County, for a new hearing in accordance with the following memorandum: Petitioner appeals from an order that granted one of respondent's objections to the order of a Support Magistrate and denied her amended petition for an upward modification of respondent's child support obligation. We agree with petitioner's contentions that Family Court's order is not supported by the evidence adduced at the hearing before the Support Magistrate and that the order must therefore be reversed. In granting respondent's objection, the court relied upon allegations made by respondent in a cross petition that had previously been dismissed by an order from which no appeal had been taken. The court made findings based thereon and used those findings to justify both deviating from the Child Support Standards Act and restoring respondent's child support obligation to $25 per week, where it had been set in the 1989 judgment of divorce. Because there is no support in the record for the court's order granting respondent's objection, we reverse (see Matter of Grant v Grant, 265 AD2d 19, 22-23, lv denied 95 NY2d 758 [2000]).

Upon review of the Support Magistrate's "Findings of Fact and Order," however, we further conclude that a new hearing is necessary. In order to determine the parties' support obligations, the support magistrate must determine the incomes of the parties, as reported on their most recent tax returns (see Family Ct Act § 413 [1] [b] [5] [i]; see generally Matter of Kellogg v Kellogg, 300 AD2d 996 [2002]). Petitioner did not provide her most recent tax return or any acceptable reason for failing to do so. Without current financial information, we are also unable to determine whether respondent is entitled to consideration of the needs of another child he is supporting under Family Court

Act § 413 (1) (f) (8), or whether the parties' total income exceeds $80,000. We therefore remit the matter to Family Court for a new hearing to determine whether petitioner is entitled to an upward modification of child support based upon current financial information (*see Matter of Costanzo v Costanzo*, 8 AD3d 1031 [2004]). Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.