■ In the Matter of SUSANNE R. CALVELLO, Appellant, v ANGELO A. CALVELLO, Respondent. [800 NYS2d 429]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), dated July 6, 2004, as denied her objections to (a) so much of an order of the same court (Kava, S.M.), dated May 13, 2004, as, in effect, denied that branch of her petition which was to find the father in willful violation of a prior order of the same court dated November 30, 2001, and (b) an order of the same court (Kava, S.M.), also dated May 13, 2004, which denied her petition for an upward modification of the father's child support obligation so as to obligate him to pay half of the subject children's living, unreimbursed medical, and college expenses, and directed that the father pay only 21% of the unreimbursed medical expenses.

Ordered that the order is modified, on the law, by deleting the

provision thereof denying the mother's objection to so much of the first order dated May 13, 2004, as, in effect, denied that branch of her petition which was to find the father in willful violation of the order dated November 30, 2001, and substituting therefor a provision sustaining that objection, and by deleting the provision thereof denying the mother's objection to so much of the second order dated May 13, 2004, as directed the father to pay only 21% of the children's unreimbursed medical expenses, and substituting therefor a provision sustaining that objection; as so modified, the order dated July 6, 2004, is affirmed insofar as appealed from, the orders dated May 13, 2004, are modified accordingly, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

The Family Court's determination that the father did not willfully violate the order dated November 30, 2001, was unsupported by the record. The evidence that the father made no child support payments for a period of six months and subsequently made only partial payments constituted prima facie evidence of a willful violation (*see Matter of Powers v Powers*, 86 NY2d 63 [1995]; *Matter of Johnson v Johnson*, 1 AD3d 599 [2003]; *Matter of Sapp v Taylor*, 298 AD2d 590 [2002]; *Matter of Nieves v Gordon*, 264 AD2d 445 [1999]). Because the father did not demonstrate the necessity for paying certain bills ahead of his child support obligation, he failed to satisfy his burden of coming forward with competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Horner*, 12 AD3d 609 [2004]; *Matter of Modica v Thompson*, 258 AD2d 653 [1999]; *Matter of Warner v Monroe*, 262 AD2d 684 [1999]). Accordingly, we remit the matter to the Family Court, Westchester County, to determine whether, as requested by the mother, the father should be required to post an undertaking pursuant to Family Court Act § 454 (2) (c), under the circumstances of this case.

In addition, the Family Court properly determined that the father was liable for his pro rata share of the children's unreimbursed medical expenses (*see* Family Ct Act § 413 [1] [c] [5]; *Matter of Cassano v Cassano*, 85 NY2d 649, 655-656 [1995]; *Matter of Lanzi v Lanzi*, 298 AD2d 53, 57 [2002]). However, as the mother correctly contends, her objection that the parties' pro rata shares were based on an incorrect computation of her annual gross income should have been sustained. Accordingly, we remit the matter to the Family Court, Westchester County, for a recalculation of the parties' pro rata shares.

Pursuant to Family Court Act § 413 (1) (c) (7), educational ex-

penses may be awarded when the court determines that such an award is appropriate (*see Matter of Lanzi v Lanzi, supra* at 57). However, the court does not have unfettered discretion in awarding educational expenses (*see Matter of French v French*, 13 AD3d 624 [2004]; *Saslow v Saslow*, 305 AD2d 487 [2003]) and must consider "the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (*Matter of Manno v Manno*, 196 AD2d 488, 491 [1993]). Contrary to the mother's contention, under the circumstances of this case, the Family Court providently exercised its discretion in determining that the father was not responsible for any part of the educational expenses of the children (*cf. Frei v Pearson*, 244 AD2d 454 [1997]).

Finally, we note that one of the two children reached the age of 21 on May 16, 2004, before the order appealed from was issued. "In the absence of a voluntary agreement, a parent may not be directed to pay support or to contribute to the college education of a child who has attained the age of 21 years" (*Maroney v Maroney*, 173 AD2d 685 [1991]; *accord Miller v Miller*, 299 AD2d 463 [2002]). Here, there was no express agreement. Therefore, upon remittitur, the Family Court, Westchester County, must limit its order to ensure that the father's support obligation with respect to that child does not extend beyond May 16, 2004.

The mother's remaining contentions are without merit. Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.