■ STEVEN M. SCHONOUR, Appellant, v SALLY L. JOHNSON, Formerly Known as SALLY LONG JOHNSON SCHONOUR, Respondent. [811 NYS2d 533]—

Appeal from a judgment and order (one paper) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered September

10, 2004. The judgment and order, among other things, determined plaintiff's contribution toward undergraduate college expenses incurred by the parties' daughters.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously modified on the law by providing that plaintiff will pay 62% of the costs of his daughters' undergraduate college expenses and as modified the judgment and order is affirmed without costs.

Memorandum: By order to show cause, plaintiff sought, inter alia, a determination of the responsibility of each party for the costs of undergraduate college educations for their daughters, who are their two youngest children. As limited by his brief, plaintiff challenges Supreme Court's directives that plaintiff pay two thirds of the costs of the daughters' undergraduate college expenses, including those expenses incurred after the daughters each attain the age of 21 years; that plaintiff receive a "credit towards his child support equal to his pro-rata share of the cost of the meal plan obtained through his daughters' colleges"; and that plaintiff receive an additional credit in the amount of his "pro rata share of $300 per month" in the event that "either daughter should choose to live off-campus."

We reject the contention of plaintiff that the court erred in ordering him to pay undergraduate college expenses incurred after each daughter attains the age of 21 years. Absent an agreement, a court may not direct a parent to pay support in the form of college expenses on behalf of a child who has attained the age of 21 years (*see Matter of Calvello v Calvello*, 20 AD3d 525 [2005]; *Miller v Miller*, 299 AD2d 463, 464 [2002]; *Matter of Setford v Cavanagh*, 175 AD2d 665 [1991]; *Maroney v Maroney*, 173 AD2d 685 [1991]). Here, however, plaintiff stipulated at the time of the divorce that he "intend[ed] for [his] children to go to college," and he further stipulated that he "intend[ed] to provide for [college costs] to the best of [his] ability" and in accordance with any "judicial[ ] determin[ation]" of his liability for such costs, taking into account "the abilities of the parties to pay and all of the reasonable factors which would bear upon the choice of college and the expense of college." In their stipulation, the parties did not place any age limitation on their mutual promises to contribute to the costs of their daughters' undergraduate college educations (*see Matter of Schiano v Hirsch*, 22 AD3d 502 [2005]). Given the terms of the stipulation and the knowledge to be imputed to the parties concerning the respective ages of their daughters at the outset and completion of their undergraduate studies at a reasonable rate of matriculation, we conclude that the court properly construed the stipu-

lation as encompassing an obligation to contribute to the undergraduate college expenses of the daughters for the first four consecutive years of study immediately following their graduation from high school. We further note that the court properly resolved any ambiguity in the stipulation against plaintiff, whose attorney had "extemporaneously recited into the record" the pertinent terms of the stipulation (*Hild v Hicksville Union Free School Dist.*, 213 AD2d 376, 377 [1995]).

We agree with plaintiff, however, that the court erred in directing him to pay two thirds of the costs of his daughters' undergraduate college expenses. Thus, we modify the judgment and order by providing that plaintiff will pay 62% of such costs in accordance with his percentage of the combined parental income (*see Nichols v Nichols*, 19 AD3d 775, 778-779 [2005]).

We have considered plaintiff's remaining contention and conclude that it is without merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.