■ ROBERT LINCER, Appellant, v DEBORAH R. LINCER, Respondent. [817 NYS2d 92]—

In a matrimonial action in which the parties were divorced by amended judgment dated March 5, 1992, the father appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Berkowitz, J.), dated February 7, 2005, as granted those branches of mother's motion which were to direct him to pay for his daughter's fourth year of college, require him to pay for the daughter's summer school tuition, and to award the mother an attorney's fee in the sum of $7,500; and (2) so much of an order of the same court, dated July 21, 2005, as, upon reargument, in effect, adhered to its original determination and awarded an additional attorney's fee in the sum of $3,000.

Ordered that the appeal from the order dated February 7, 2005 is dismissed, as that order was superseded by the order dated July 21, 2005, made upon reargument; and it is further,

Ordered that the order dated July 21, 2005 is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the prior determination as granted that branch of the mother's motion which was to direct the

father to pay the college expenses of his daughter after she reached the age of 21, and substituting therefor provisions, upon reargument, vacating so much of the prior determination as granted that branch of the mother's motion which was to direct the father to pay the daughter's college expenses after she reached the age of 21, and denying that branch of the mother's motion; as so modified, the order dated July 21, 2005 is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in ordering the father to pay the college expenses of his daughter after she reached the age of 21 in the absence of a voluntary agreement to that effect (*see Matter of Cancilla v Cancilla,* 22 AD3d 490 [2005]; *Costello v Costello,* 304 AD2d 517 [2003]).

However, the court properly ordered the father to pay the summer school expenses of his daughter incurred prior to her 21st birthday (*see generally, Skolnick v Skolnick,* 271 AD2d 431 [2000]; *Matter of Hartle v Cobane,* 228 AD2d 756 [1996]).

The father's remaining contentions are without merit. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.