■ SUSAN K. ATTEA, Respondent-Appellant, v MARTIN P. AT-TEA, Appellant-Respondent. [817 NYS2d 478]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered December 23, 2004 in a divorce action. The order confirmed the report of the Matrimonial Referee.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and that part of the motion with respect to the educational expenses of the parties' youngest son and that part of the cross motion with respect to the educational expenses of the parties' second youngest son are granted.

Memorandum: The parties' judgment of divorce, granted in September 2000, ordered that defendant is "responsible for the payment of the college educational costs of the two (2) youngest children of the parties, as specifically set forth in" a stipulation of settlement "annexed" to the judgment of divorce. The interpretation of that stipulation, which was set forth on the record by counsel for the respective parties, is the issue before us on this appeal. Following the divorce, defendant paid the college expenses for the parties' second youngest son through the eighth semester, but he refused to pay for that son's 9th and 10th semesters and subsequent college expenses. Similarly, defendant paid the college expenses for the parties' youngest son for eight semesters of college, but he refused to pay the medical school expenses for that son. Plaintiff sought an order requiring defendant to pay the disputed educational expenses, and the Matrimonial Referee determined that, pursuant to the terms of the parties' stipulation, defendant was required to pay the medical school expenses for the youngest son but not the disputed college expenses for the second youngest son. The parties then moved and cross-moved, respectively, to confirm the Matrimonial Referee's report in part and to reject that report in part. Supreme Court confirmed the Matrimonial Referee's report in its entirety.

Because the disputed educational expenses were incurred after the sons attained the age of 21 years, defendant has no obligation to continue paying support on behalf of those children, including contributing to their college or postcollege educational expenses, in the absence of his "voluntary agreement" to continue paying such support (*Maroney v Maroney*, 173 AD2d 685, 685 [1991]; *see Matter of Calvello v Calvello*, 20 AD3d 525, 527 [2005]; *Miller v Miller*, 299 AD2d 463, 464 [2002]; *Poli v Poli*, 286 AD2d 720, 722 [2001]). The agreement must be "express" (*Hoffman v Hoffman*, 122 AD2d 583, 584 [1986], *lv dismissed* 69 NY2d 706 [1986]; *see Calvello*, 20 AD3d at 527). The issue thus before us is whether defendant expressly agreed, as part of the parties' stipulation, to pay the disputed college expenses for the parties' second youngest son and the disputed medical school expenses for the parties' youngest son. Our determination of that issue is "governed by ordinary contractual principles" (*Gray v Pashkow*, 79 NY2d 930, 932 [1992]).

We construe the parties' stipulation as requiring defendant to pay for the disputed college expenses for the parties' second youngest son. Defendant expressly obligated himself to pay for his sons' "college education," without limitation based on a particular age, number of years or semesters, or consecutive course of study (cf. Skolnick v Skolnick, 271 AD2d 431, 432 [2000]). We thus construe the stipulation, in accordance with its plain language, as covering more than four years of college studies for the second youngest son, whose college education was interrupted twice by academic difficulties and once by his recuperation from serious injuries. We further note that defendant specifically agreed to pay on behalf of each of his younger sons the expenses of a college "education comparable to those educations which were paid for by the parties for the older children" and that defendant had paid for additional classes taken during the summer on behalf of those older children during their college years.

We do not, however, construe the parties' stipulation as requiring defendant to pay for the medical school expenses of the parties' youngest son. As part of the stipulation, defendant's counsel recited that defendant would "obligate himself to pay college education, but not graduate school education. . . . [H]e doesn't want to make any contractual obligation in regard to graduate school. . . . The word was 'college,' . . . [and] at this particular time, it's impossible [for defendant] to obligate himself to pay for graduate schools." We thus reject plaintiff's contention that defendant expressly agreed to pay the expenses of graduate school (see generally Schonour v Johnson, 27 AD3d 1059 [2006]; Skolnick, 271 AD2d at 432; Verdrager v Verdrager, 230 AD2d 786, 788 [1996]; Mack v Mack, 148 AD2d 984 [1989]).

Unlike the dissent, we are unable to construe comments of plaintiff's counsel and of the court that issued the judgment of divorce as giving rise to an obligation on the part of defendant to pay the expenses of graduate school, particularly in light of the express disclaimer by defendant's counsel of any such obligation. In any event, we construe the phrases "education comparable" and "college education comparable" as describing or limiting defendant's assumed obligation to pay "college expenses," not as expanding such obligation to include the expenses of graduate school. The dissent's reliance on those phrases to impose an obligation expressly disclaimed by defendant can lead only to the conclusion that there was not in fact a meeting of the minds between the parties concerning educational expenses, in which event defendant would be under no contractual obligation to plaintiff with respect to college or graduate school ex-

penses (*see generally Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999], *rearg denied* 93 NY2d 1042 [1999]; *Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]). Neither plaintiff nor the dissent cites any case law interpreting contractual references to college expenses as including graduate school expenses. In our view, the phrase "college expenses" cannot be construed to encompass the costs of medical school without disregarding the reasonable meaning of the phrase, and thus such a construction of that phrase would contravene principles of contractual interpretation. In any event, a court is not empowered, under the guise of contractual interpretation, to rewrite an agreement to include an obligation that was twice specifically disclaimed, i.e., an obligation to pay graduate school expenses (*see Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386-387 [1968]; *Yoi-Lee Realty Corp. v 177th St. Realty Assoc.*, 208 AD2d 185, 190 [1995]; *Pamerqua Realty Corp. v Dollar Serv. Corp.*, 93 AD2d 249, 253 [1983]). Indeed, to do so would render those specific disclaimers meaningless (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403-404 [1984]).

All concur except Scudder, J.P., and Green, J., who dissent in part and vote to modify in accordance with the following memorandum.

Scudder, J.P., and Green, J. (dissenting in part). We respectfully dissent in part. We agree with the majority that defendant has an obligation to pay for the disputed college expenses for the parties' second youngest son. Thus, we would modify the order by granting that part of plaintiff's cross motion with respect to the educational expenses of the parties' second youngest son. In our view, however, defendant has a further obligation to pay the medical school expenses incurred by the parties' youngest son, and we therefore do not agree with the majority that the part of defendant's motion with respect to the educational expenses of the parties' youngest son should be granted. Pursuant to the parties' stipulation of settlement "annexed" to the parties' judgment of divorce, defendant agreed to pay for "an education comparable to what the other children have received," and the parties expressly acknowledged that the meaning of a "comparable" education would be left for future interpretation by Supreme Court (*see Guryn v Guryn*, 308 AD2d 564 [2003]). At the time of the stipulation, defendant had paid the college expenses of the two older sons and was paying their law school expenses and, following the stipulation, he continued to pay their expenses until they graduated from law school. Based upon the

terms of the stipulation, the circumstances of the two older sons at the time of the stipulation, and defendant's conduct before and after the stipulation, the court reasonably interpreted the obligation to pay for a "comparable" education for the youngest son as encompassing medical school expenses (*see generally Schonour v Johnson*, 27 AD3d 1059 [2006]). Indeed, the contention of defendant that he has no obligation to pay any graduate school expenses for the youngest son "rings . . . hollow when, in fact, he has paid these expenses for the other children over a period of several years" (*Matter of Vetrano v Calvey*, 102 AD2d 932, 933 [1984]). Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.