■ Holly M. Gibbons, Appellant, v Foster J. Gibbons, Respondent. [819 NYS2d 85]—

In a matrimonial action in which the parties were divorced by judgment dated June 1, 1989, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated March 8, 2005, as denied that branch of her motion which was to direct the defendant to contribute toward the college expenses of the parties' daughter until her 22nd birthday, and granted that branch of her motion which was for an award of an attorney's fee only to the extent of awarding her the sum of $1,925.

Ordered that the order is modified, on the facts, by deleting the provision thereof granting that branch of the motion which was for an award of an attorney's fee only to the extent of awarding her the sum of $1,925 and substituting therefor a provision awarding an attorney's fee in the sum of $2,117.50; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was to direct the defendant to contribute toward the college expenses of the parties' daughter until she reached the age of 22 years. " 'In the absence of a voluntary agreement, a parent may not be directed to pay support or to contribute to the college education of a child who has attained the age of 21 years' " (*Matter of Calvello v Calvello,* 20 AD3d 525, 527 [2005], quoting *Maroney v Maroney,* 173 AD2d 685 [1991]). Here, there was no such agreement.

The plaintiff correctly alleges that the Supreme Court erred in computing its award of an attorney's fee based upon the amount of time expended by the plaintiff's attorney with respect to the instant motion. Thus, we modify the order to award a fee in the sum of $2,117.50.

The plaintiff's remaining contention is not properly before this Court. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.