■ FRANCIS V. WINSKI, JR., Appellant, v LAURA J. RUSSO KANE, Respondent. [823 NYS2d 176]—

In a matrimonial action in which the parties were divorced by a judgment dated October 25, 1989, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 1, 2005, which granted that branch of the defendant's motion which was "to compel [the] plaintiff to pay for the college and post-college education" of the parties' daughter, granted that branch of the defendant's motion which was for a hearing on the issues of reimbursement of medical insurance premiums and an award of an attorney's fee, and denied his cross motion, inter alia, for the imposition of a sanction against the defendant and for an award of an attorney's fee.

Ordered that the order is modified, on the facts, by deleting the provision thereof granting that branch of the defendant's motion which was "to compel [the] plaintiff to pay for their daughter's "college and post-college education," and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiff to pay for the daughter's "net college tuition expenses as defined in an order of the Family Court, Orange County, entered September 5, 2003, and for her post-college education" and otherwise denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendant.

The Supreme Court properly rejected the plaintiff's contention that he was not obligated to contribute to the post-secondary education of the parties' daughter once she attained the age of 21. Absent a voluntary agreement to the contrary, a parent cannot be compelled to contribute to the college education costs of a child who reaches 21 years of age (*see Gibbons v Gibbons*, 31 AD3d 605 [2006]; *Lincer v Lincer*, 30 AD3d 382 [2006]; *Matter of Calvello v Calvello*, 20 AD3d 525 [2005]; *Costello v Costello*, 304 AD2d 517 [2003]; *Youssef v Cantelmo*, 278 AD2d 489 [2000]). The parties entered into a separation agreement in 1988 wherein the plaintiff agreed "to be solely responsible for the payment of the child's education costs for private or public college and private or public post-college graduation education." This agreement was incorporated but did not merge into the parties' 1989 judgment of divorce. Although the degree of the plaintiff's contribution to the child's college expenses was modified by subsequent stipulations of the parties, his obligation to contribute was never limited in duration or made to terminate once the child reached a particular age (*see Attea v Attea*, 30 AD3d 971 [2006]; *Schonour v Johnson*, 27 AD3d 1059 [2006]). Accordingly, interpreting the separation agreement to "arrive at a construction that will give fair meaning to all of the language employed by the parties [and] to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch*, 22 AD3d 502 [2005]), we find that the plaintiff agreed to contribute to the child's education even after she reached the age of 21 (*see Attea v Attea, supra*; *Schonour v Johnson, supra*). Indeed, the plaintiff must have realized at the time he entered into the agreement that relatively few students complete college before turning 21, and that his daughter would not even commence post-college graduate or professional education until after she reached that age (*see Schonour v Johnson, supra*). Nevertheless, he clearly and unambiguously obligated himself to pay for the child's college and post-college education without any qualification (*see Attea v Attea, supra; Matter of Schiano v Hirsch, supra*). Furthermore, his construction of the agreement so as to terminate his obligation once the child reached the age of 21 would impermissibly render his promise to pay for her post-college education illusory. Similarly, the fact that other child support obligations in the agreement terminated upon the child attaining the age of 21 did not relieve the husband of his independent obligation to contribute to her education beyond that age (*see Allyn v Allyn*, 163 AD2d 665, 667 [1990]).

Therefore, the Supreme Court properly determined that the

obligation continued after the parties' daughter turned 21. However, in directing the plaintiff to pay for the daughter's "college and post-college education," the Supreme Court failed to take into account the terms of an order of the Family Court, Orange County, entered September 5, 2003, modifying the support provisions of the judgment of divorce, which was based on a stipulation of settlement of the parties, and which limited the plaintiff's contribution towards the child's college expenses to the "payment of net tuition expenses." Accordingly, we modify the order appealed from to reflect that the plaintiff's obligation to contribute to his daughter's college education shall be to pay her net tuition expenses, as that term is defined in the 2003 order.

Under the circumstances presented, the Supreme Court properly granted that branch of the defendant's motion which was for a hearing on the issues of reimbursement of medical insurance premiums and an award of an attorney's fee. Likewise, the Supreme Court properly denied the plaintiff's cross motion, inter alia, for the imposition of a sanction and for an award of an attorney's fee based upon the allegedly frivolous conduct of the defendant in making the motion. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.