In the Matter of BEVERLY BENNO, Respondent, v MAURICE BENNO, Appellant. [823 NYS2d 252]—

Kane, J. Appeal from an order of the Family Court of Albany County (Walsh, J.), entered July 21, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify the child support provisions of a prior judgment of divorce.

In their separation agreement, which was incorporated into a judgment of divorce, the parties deviated from the Child Support Standards Act and required respondent to pay petitioner only $100 per month in child support, partially based on respondent's agreement to pay for college tuition, books, living expenses and a weekly allowance for their three daughters. The educational expenses provision made respondent's college-expense obligations contingent upon the middle daughter "attending Rutgers University for all four years of her undergraduate program." Respondent paid the expenses for that daughter's first two years of college at Rutgers. She then transferred to the State University of New York at Albany (hereinafter SUNY) because she was suffering from depression and desired to be closer to her family. Between her first and second years at SUNY, she turned 21. Because his daughter was no longer attending Rutgers, respondent refused to pay any costs associated with his daughter's education at SUNY. Petitioner commenced this proceeding seeking to modify respondent's support obligation to require him to pay those college expenses.

Following a hearing, the Support Magistrate dismissed the petition, concluding that there was insufficient evidence of an unanticipated change in circumstances. Family Court granted petitioner's objections to the order of dismissal and modified the judgment of divorce, requiring respondent to pay all the specified college expenses for the middle daughter's education at SUNY for five semesters. Respondent appeals.

Family Court did not err in requiring respondent to pay for

his middle daughter's college education. Although a parent's obligation to support his or her child and pay for college expenses does not ordinarily extend beyond age 21, respondent agreed to support each of his children throughout four years of college education (*see Costello v Costello*, 304 AD2d 517, 518 [2003]; *Cortese v Redmond*, 199 AD2d 785, 786 [1993]). As respondent was aware that his daughter would turn 21 before she completed four years of college, he knew that he was agreeing to provide support for her beyond age 21, and he can be held to his contractual agreement (*see Schonour v Johnson*, 27 AD3d 1059, 1060-1061 [2006]; *see also Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]).

Family Court reasonably gleaned the parties' intent at the time the separation agreement was entered into as requiring respondent to pay for the middle daughter's college education. The daughter made a reasonable decision to transfer colleges after she suffered emotional problems and depression which necessitated psychological counseling and medication. This illness constituted an unanticipated change in circumstances which, together with her ongoing educational expenses, justifies modification (*see Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *McMillen v Miller*, 15 AD3d 814, 816 [2005]; *Matter of Antes v Miller*, 304 AD2d 892, 893 [2003]; *Matter of Barrett v Barrett*, 281 AD2d 799, 801 [2001]). Under the circumstances here, interpreting the agreement as requiring respondent to pay for his daughter's expenses at the college she actually attends ensures that respondent continues to support his child as agreed upon by the parties and is consistent with their agreement that respondent pay less monthly support in consideration of his present and future payment of college expenses (*see Matter of Gravlin v Ruppert, supra* at 6; *compare Hejna v Reilly*, 26 AD3d 709, 711-712 [2006]).

Although Family Court properly required respondent to pay his daughter's college expenses, it erred in requiring him to pay for five semesters at SUNY. The agreement only required respondent to pay for four years of college and petitioner only requested that respondent pay for two years at SUNY because he already paid for two years at Rutgers. Accordingly, respondent is only responsible for four semesters at SUNY.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by requiring respondent to pay the specified college expenses for his middle daughter for four semesters at the State University of New York at Albany; and, as so modified, affirmed.