In a matrimonial action in which the parties were divorced by judgment entered August 29, 2006, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Sherwood, J.), dated November 15, 2007, as, inter alia, granted the plaintiffs motion, among other things, in effect, for a clarification of his obligation to support the parties’ children to the extent of directing him to pay only 60% of the parties’ children’s college costs, to pay only 60% of the highest tuition charged by the State University of New York system with respect to those costs, and to provide support for the parties’ children only up to the age of 21, and denied her cross motion to compel the plaintiff to reimburse her for certain miscellaneous precollege expenses incurred on behalf of the parties’ children.
Ordered that the order is affirmed insofar as appealed from, with costs.
Prior to the entry of the judgment of divorce on August 29, 2006 the Supreme Court conducted a hearing on the ancillary financial issues raised by the parties. Following the entry of the judgment of divorce, the plaintiff moved, inter alia, in effect, for a clarification of his obligations to support the parties’ children. The defendant cross-moved to compel the plaintiff to reimburse her for certain miscellaneous precollege expenses incurred on behalf of the parties’ children. In an order dated November 15, 2007 the Supreme Court, inter alia, granted the plaintiffs motion to the extent of directing him to pay only 60% of the college expenses for the parties’ children, to pay only 60% of the highest college tuition charged by the State University of New York (hereinafter SUNY) system with respect to those costs, and to provide support to the children until they reached the age of 21, and denied the defendant’s cross motion. We affirm.
“Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child’s education *643 [before the child reaches the age of 21], even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court’s discretion is not improvidently exercised in that regard” (Matter of Holliday v Holliday, 35 AD3d 468, 469 [2006]). However, a court must give due regard to the circumstances of the case and the respective parties, as well as both the best interests of the child and the requirements of justice (id. at 469; see Cohen v Cohen, 21 AD3d 341 [2005]; Matter of Calvello v Calvello, 20 AD3d 525, 527 [2005]; Saslow v Saslow, 305 AD2d 487, 488-489 [2003]).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in requiring the plaintiff to pay only 60% of the highest college tuition charged by the SUNY system (see Matter of Holliday v Holliday, 35 AD3d at 469; Balk v Rosoff, 280 AD2d 568, 569 [2001]; cf. Berliner v Berliner, 33 AD3d 745, 748 [2006]; Matter of Klein v Klein, 303 AD2d 405, 406 [2003]). Similarly, the court providently exercised its discretion in requiring the plaintiff to pay for only 60% of the parties’ children’s overall college expenses.
The defendant contends that the Supreme Court should have directed the plaintiff to contribute to the parties’ children’s college expenses until they completed college. In the absence of a voluntary agreement, a parent may not be directed to pay support or to contribute to the college education of a child who reaches 21 years of age (see Winski v Kane, 33 AD3d 697, 698 [2006]; Gibbons v Gibbons, 31 AD3d 605, 606 [2006]). As there was no voluntary agreement in the instant case, the Supreme Court properly determined that the plaintiff was not obligated to provide support to the parties’ children once they reached the age of 21.
The Supreme Court properly denied the defendant’s cross motion since the plaintiff was not obligated to reimburse the defendant for any miscellaneous precollege expenses she may have incurred on behalf of the parties’ children. Similarly, the Supreme Court providently exercised its discretion in not compelling the plaintiff to pay for other miscellaneous precollege expenses that may be incurred by the defendant in the future.
The defendant’s remaining contentions are without merit. Mastro, J.E, Skelos, Balkin and Belen, JJ., concur.