■ MARTIN H. LEVENGLICK, Appellant-Respondent, v JOANNA LEVENGLICK, Respondent-Appellant. [34 NYS3d 20]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered July 28, 2015, which rejected the portion of a February 19, 2015 report by the Special Referee which found plaintiff husband to be contractually liable for the educational expenses incurred by the parties' emancipated daughter and directed that the issue be resubmitted to a different Special Referee, and confirmed the report insofar as it determined the amount of past amounts expended for education costs, unanimously modified, on the law, to confirm the finding of the Special Referee that plaintiff has an unambiguous obligation to pay for the parties' daughter's post-emancipation education expenses and to vacate so much of the order as directed a second reference, and otherwise affirmed, without costs.

In the absence of an articulated limitation based upon a particular age, number of consecutive years or course of study, the clear meaning of the parties' divorce stipulation, which provides that the husband would pay "the entire cost of the children's private school and higher education," obliges the husband to pay for parties' daughter's current college education (*see Attea v Attea*, 30 AD3d 971, 972 [4th Dept 2006], *affd* 7 NY3d 879 [2006]). Under this view, there is no need to look beyond the four corners of the stipulation. This determination alone suffices to end the inquiry without any need for any further factual inquiry as to the issue of the parties' intent.

As there was no explicit finding of ambiguity prior to the initial reference, the Special Referee's determination was not contrary to the court's reference for a hearing and recommendation as to whether the parties intended to oblige plaintiff to pay for the parties' children's college education only until a child reaches 21 or until the complete of undergraduate education (*compare generally Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]).

Finally, contrary to plaintiff's argument, the record shows that plaintiff had an opportunity to conduct a full inquiry as to whether the submitted documents accurately reflected what was due and owing to Columbia University. It was also determined that the expenses at issue were part and parcel of the "costs of higher education," which includes tuition and tutoring expenses, as opposed to, for example, costs associated with living off-campus, which would be excluded as not being under the purview of "the costs of higher education." Thus, on

this record, the court properly concluded that the determined expenses were supported by the documentary evidence.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.