# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1008**
**CAF 15-01015**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JOHN F. LEWIS,
PETITIONER-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

STEFANY V. LEWIS,
RESPONDENT-APPELLANT-RESPONDENT.

---

LAW OFFICES OF RANDEL A. SCHARF, COOPERSTOWN (RANDEL A. SCHARF OF COUNSEL), FOR RESPONDENT-APPELLANT-RESPONDENT.

DONALD J. MURPHY, UTICA, FOR PETITIONER-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered March 17, 2015 in a proceeding pursuant to Family Court Act article 4. The order denied the respective objections of the parties to the order of a Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting petitioner's fourth and seventh objections and respondent's second objection in part and vacating the third, fourth, seventh and eighth ordering paragraphs of the order of the Support Magistrate, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner father previously appealed from a judgment of divorce, and we remitted the matter to Supreme Court for further proceedings (*Lewis v Lewis*, 70 AD3d 1432). Upon remittal, the parties entered into a stipulation that was reduced to an order in April 2010. In June 2012, the parties consented to a modification of the judgment and April 2010 order. In 2014, the father filed petitions to modify, and respondent mother filed an enforcement petition. A hearing was held before a Support Magistrate, who issued an order granting one petition by the father and denying the other petition, and granting in part the mother's petition. The parties filed objections, which Family Court denied and dismissed. The mother appeals and the father cross-appeals. We agree in part with the mother on her appeal and with the father on his cross appeal.

The primary issue raised at the hearing concerned the parties' obligation to pay for the college expenses of two of their children. Paragraph 40 of the judgment of divorce provided that the parties "shall pay for that portion of the children's college tuition charges

which are not covered by the college tuition benefit program through the [mother's] employment, including tuition, room and board for a maximum of four years, in proportion to their respective incomes, regardless of which college the children attend." This paragraph was not stipulated to by the parties but rather was ordered by Supreme Court, and no issue was raised regarding it by the father on his prior appeal from the judgment. Although the father contends that Supreme Court erred in ordering him to pay college expenses for the children, we conclude that, having failed to raise the issue on the appeal from the judgment, the father is precluded from raising that contention now (see generally CPLR 5513 [a]).

We agree with the mother that Family Court erred in denying her objection to the Support Magistrate's determination to reduce the college expenses by the college tuition benefit program (CTBP) benefit. The CTBP benefit entitled the children to free tuition if they attended Hamilton College, or half off the tuition of any other school, up to a maximum of 50% of Hamilton's tuition. The mother, however, left her full-time employment at Hamilton College before her children enrolled in college, and her children were therefore no longer eligible to receive the CTBP benefit. Thus, the children's college expenses "are not covered by" the CTBP benefit, and the Support Magistrate therefore erred in reducing the college expenses by the CTBP benefit. Contrary to the mother's further contention, however, the court properly denied her objection to the Support Magistrate's further reduction of the college expenses by the amount contributed by the grandparents as a gift to the children (see Regan v Regan, 254 AD2d 402, 403).

We reject the mother's contention that the court erred in denying her objection to the determination of the Support Magistrate that the father did not willfully violate paragraph 40 of the judgment of divorce, particularly considering the uncertainty regarding the actual amount of college expenses the parties were obligated to pay. We reject the father's contention, however, that the court erred in denying his objection to the determination of the Support Magistrate that he willfully failed to disclose his income for the years 2012 and 2013 to the mother. The June 2012 order provided that the parties were to report their annual incomes to each other by February 15th of each year, by providing a copy of their form W-2. The mother testified that, despite requesting the father's W-2's, she did not receive the father's 2012 or 2013 W-2's by the deadlines.

We agree with the father that the court erred in denying his fourth objection to the determination of the Support Magistrate that obligated him to pay college expenses for one of the children incurred after his 21st birthday. "Absent an agreement, a court may not direct a parent to pay support in the form of college expenses on behalf of a child who has attained the age of 21 years" (Schonour v Johnson, 27 AD3d 1059, 1060; see Attea v Attea, 30 AD3d 971, 972, affd 7 NY3d 879). We also agree with the father that the court erred in denying his seventh objection to the determination of the Support Magistrate. The June 2012 order provided that the father would continue the children on his health insurance plan and be responsible for 100% of

the health insurance premiums, and the mother would be responsible for all uncovered medical expenses.  No issue was raised by the parties in their respective petitions regarding health insurance or unreimbursed medical expenses, and the Support Magistrate erred in sua sponte modifying the June 2012 order by ordering the father to pay his pro rata share of the unreimbursed medical expenses.  We therefore modify the order by granting the mother's second objection in part and the father's fourth and seventh objections and vacating the third, fourth, seventh and eighth ordering paragraphs of the Support Magistrate's order, and we remit the matter to Family Court for a new calculation of college expenses.

We have considered the parties' remaining contentions and conclude that they are without merit.

Entered:  November 18, 2016                       Frances E. Cafarell
                                                  Clerk of the Court