Matter of Rodriguez v Serrano (2026 NY Slip Op 00136)

Matter of Rodriguez v Serrano

2026 NY Slip Op 00136

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2025-00620
 (Docket No. F-1023-17/23C)

[*1]In the Matter of Jennifer Rodriguez, appellant,
vMichael Serrano, respondent.

Jennifer Rodriguez, Freeport, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Eric P. Milgrim, J.), dated November 27, 2024. The order denied the mother's objections to an amended order of the same court (Lisa M. Williams, S.M.) dated October 18, 2024, which, after a hearing, and upon findings of fact, also dated October 18, 2024, directed the father to pay basic child support in the sum of only $293.32 per week and to pay only 77% of childcare expenses, and, sua sponte, terminated the father's obligation to pay educational expenses in the sum of $40 biweekly.
ORDERED that the order dated November 27, 2024, is reversed, on the law, without costs or disbursements, the mother's objections to the order dated October 18, 2024 are sustained, the father's obligation to pay educational expenses in the sum of $40 biweekly is reinstated, and the matter is remitted to the Family Court, Nassau County, for a new calculation of the father's modified child support obligation in accordance herewith, and thereafter, a recalculation of arrears owed by the father for basic child support and childcare expenses retroactive to December 8, 2023, and for a computation of arrears owed by the father for educational expenses retroactive to August 9, 2024; and it is further,
ORDERED that in the interim, the father shall pay child support in the sum of $293.32 per week and 77% of childcare expenses.
In an order dated March 16, 2017 (hereinafter the 2017 order), the father was directed, inter alia, to pay child support for the parties' child in the sum of $327.44 biweekly, which included $40 biweekly for the child's educational expenses. On December 8, 2023, the mother commenced a proceeding for an upward modification of the father's basic child support obligation. In an order dated August 9, 2024, made after a hearing, the Support Magistrate, among other things, sua sponte, vacated so much of the 2017 order as required the father to pay $40 biweekly for the child's educational expenses. Thereafter, in an amended order dated October 18, 2024 (hereinafter the 2024 amended order), the Support Magistrate directed the father to pay basic child support in the sum of $292.32 per week and to pay 77% of childcare expenses, which it calculated based on the father's gross income as reported on his 2022 W-2 form and again, sua sponte, directed that so much of the 2017 order as required the father to pay $40 biweekly for the child's educational expenses be vacated. The mother filed objections to the 2024 amended order. In an order dated November 27, 2024, the Family Court denied the mother's objections. The mother appeals.
The Support Magistrate erred in calculating the father's income for the purposes of calculating his child support obligation based on the father's gross income as reported on his 2022 W-2 form, rather than his gross income as reported on his 2023 federal income tax return. "In determining parental income under the [Child Support Standards Act], the court must begin with the parent's gross (total) income as should have been or should be reported in the most recent federal income tax return" (Matter of Dailey v Govan, 136 AD3d 1029, 1031 [internal quotation marks omitted]; see Family Ct Act § 413[1][b][5][i]; Matter of Bram v Bram, 228 AD3d 933, 935). Here, since the hearing on the mother's petition took place in 2024, the Support Magistrate should have determined the parties' income for child support purposes based on their gross earnings as were or should have been reported on their 2023 federal income tax returns (see Matter of Royal v Royal, 239 AD3d 752, 754; Matter of Sanchez v Thai, 239 AD3d 660, 661; Matter of Mentor v DeLorme, 17 AD3d 1012, 1012).
Additionally, there is no basis in the record for vacating the award for educational expenses, particularly in the absence of a petition or request by the father seeking that relief (see Matter of Lewis v Lewis, 144 AD3d 1659, 1661; Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1114). Thus, the Family Court should have granted the mother's objections.
Accordingly, we remit the matter to the Family Court, Nassau County, for a new calculation of the father's modified child support obligation, and thereafter, a recalculation of arrears owed by the father for child support and childcare expenses retroactive to December 8, 2023, and for a computation of arrears owed for educational expenses retroactive to August 9, 2024.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court